In re **LONG ISLAND PROPERTIES, Inc.**

**COUNTRY LIFE APARTMENTS, Inc.,
v. BUCKLEY.**

No. 241.

Circuit Court of Appeals, Second Circuit.
May 14, 1945.

See, also, 145 F.2d 935.

Emanuel A. Stern, of New York City, for appellant.

Albert B. Caspers, of New York City, for appellee.

Before EVANS and CHASE, Circuit Judges, and HINCKS, District Judge.

EVANS, Circuit Judge.

This litigation grew out of a contract whereby appellant agreed to complete the construction of four buildings belonging to the debtor estate, for which appellee agreed to pay $60,780 upon completion of the work. The contract was completed and several small differences arose, all of which seemed to have been satisfactorily adjusted, save two. These two reached the referee and later the District Court and now this court. The referee found for the appellee, and his decision, together with his findings, were affirmed by the District Court.

The involved claims arose out of changes in the contract specifications made necessary by the inability of the parties to secure necessary material due to the war. As to item No. 1, the parties must find their rights in paragraph 27 of the contract, which reads: "Twenty-seventh: If the governmental authorities of the Village of Garden City having jurisdiction over the same do not require, or are ready to waive installation of a sprinkler system in the garage room of the buildings of the debtor's premises and the Bank consents to omission thereof, such sprinkler system may be omitted and in that event there shall be no addition to, or deduction from the price otherwise due to the contractor hereunder, but the contractor agrees to supply whatever substitute may be required by said Village and Bank without additional charge."

Appellant was required to establish the consent of, or waiver by, a bank holding a mortgage upon the property, and an approval by the Village of Garden City. Unless this proof was made, appellant failed. We think it made both showings.

It received a letter from the attorney for the bank, which read: "I have consulted with our client, Jamaica Savings Bank, and have been advised by it that under the circumstances that is your inability as well as that of Country Life Apartments, Inc. to secure at this time a sprinkler system for installation, it will consent to the substitution of the water stand pipes therefor. * * *"

Likewise the Village gave its approval for permission to substitute water standpipes for the sprinkler system when it wrote:

"Your request for permission to substitute water standpipes for sprinkler systems in the basement garages of the apartment buildings Nos. 1 to 4, Inclusive, located on Second Street and Hamilton Place, has been granted by the Board of Trustees, *subject to the following conditions:*

"1. Each garage shall be supplied with two 2½" standpipes, complete with 2½" valve, hose reel, 50' of 2½" hose and approved nozzle.

"2. The hose connection to the standpipe shall have the same type thread as that used by the Garden City Fire Department.

"3. The standpipes shall be located as directed by the Garden City Fire Department.

"4. The standpipe system shall be tested under a pressure of 300 lbs. per square inch, for one-half hour.

"5. The standpipe system shall be inspected and approved by the Garden City Plumbing Inspector.

"6. The Board of Trustees reserves the right to require you (as the owner), or any future owner, to install sprinkler systems in said basement garages at any time in the future.

"I am enclosing your schematic diagram. Kindly return same as soon as you have made additional prints."

Appellant's first claim must therefore be allowed.

Its second item arose on a somewhat similar matter, but is not covered by specific contract agreement. It appears from the record that certain items which were called for in the specifications could not be supplied because of war conditions. The architect and the Village authorities consented to certain changes. They were all made without any claim for additional charge, excepting this one. There was no objection made to this, or any other changes, minor in nature, by the contractor when made, and we are satisfied that the evidence sustains the referee's finding that appellant acquiesced in the change and performed the services on the theory that there would be no extra charge therefor.

The order of the District Court is reversed, with directions to proceed in accordance with the views here expressed.